Cecilia MARCUM, Plaintiff–Appellant,

v.

OSCAR MAYER FOODS CORPORATION; Kraft Foods, Inc.; George C. Smith; Keith Mayton; Thomas W. Trimble; Charles D. Smith; Thomas

P. Maney; State of Ohio Department of Administrative Services; United States Attorney General; Janet Reno, Defendants–Appellees.

No. 02–3287.

United States Court of Appeals, Sixth Circuit.

Sept. 16, 2002.

Before NORRIS and CLAY, Circuit Judges; O'MEARA, District Judge.*

### ORDER

Cecilia Marcum, a pro se Ohio resident, appeals a district court judgment dismissing her civil rights complaint filed pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Marcum sued Oscar Mayer Foods Corporation; Kraft Foods, Inc.; Judge George C. Smith, United States District Judge for the Southern District of Ohio; Keith Mayton, a law clerk to Judge Smith; Attorneys Thomas W. Trimble, Charles D. Smith, and Thomas P. Maney, Jr.; the State of Ohio; United States Attorney Salvador Dominquez; and former United States Attorney General Janet Reno.

The basis of Marcum's complaint is that she was compelled to attend a settlement conference/mediation session on April 10, 1997, regarding a prior lawsuit in Judge Smith's chambers. Marcum states that she is deaf and that she was not provided an interpreter "or any kind of auxiliary aid" at the conference. As a result, the defendants violated her civil rights under the ADA. Marcum contends that she was coerced into signing a settlement agreement because of her disability. Her subsequent attempt to repudiate the agreement was unsuccessful. Upon de novo review of a magistrate judge's report, the district court dismissed the complaint on various grounds. In her timely appeal, Marcum continues to argue the merits of her underlying action.

The district court's judgment is reviewed de novo. See Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999).

The district court correctly dismissed Marcum's complaint. Marcum had raised the same claims she presented in her current action against Oscar Mayer, Kraft, Trimble, Smith, and Maney in a prior 1998 action. That action was dismissed as frivolous by the district court. Therefore, Marcum's allegations against these defendants were properly dismissed under the doctrine of claim preclusion. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); Wilkins v. Jakeway, 183 F.3d 528, 532 (6th Cir.1999). Under the doctrine of claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action as to every matter actually litigated and as to every theory of recovery that could have been presented. Marcum's action satisfies all the elements of claim preclusion: 1) her previous action resulted in a final decision on the merits; 2) this action is between the same parties; 3) the issues in this action have been raised in the prior action; and 4) the causes of action are identical. Wilkins,

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

183 F.3d at 532. Thus, Marcum's complaint as to these defendants is barred under the doctrine of claim preclusion.

The defendants properly dismissed Marcum's ADA claim for failure to exhaust her administrative remedies. To exhaust administrative remedies under the ADA, the plaintiff must file an EEOC charge within 180 days of the alleged discrimination, or with the state agency within 300 days. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir.2000), *cert. denied*, 533 U.S. 951, 121 S.Ct. 2594, 150 L.Ed.2d 752 (2001). Once the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has ninety days to file a civil action. The failure to timely exhaust available administrative remedies is an appropriate basis for dismissal of the ADA action. The exhaustion of administrative remedies is a condition precedent to an ADA action. *See id.* Marcum does not contest the district court's findings that she did not exhaust her administrative remedies under the ADA. Thus, the district court properly dismissed Marcum's ADA claim.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.